2015 UT App 9

# THE UTAH COURT OF APPEALS

STATE OF UTAH, IN THE INTEREST OF O.T.,
A PERSON UNDER EIGHTEEN YEARS OF AGE.

C.H.,
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Per Curiam Decision
No. 20141016-CA
Filed January 8, 2015

Third District Juvenile Court, Salt Lake Department
The Honorable James R. Michie Jr.
No. 1086165

Julie George, Attorney for Appellant

Jeannine P. Timothy, Guardian ad Litem

Before JUDGES GREGORY K. ORME, JAMES Z. DAVIS,
and MICHELE M. CHRISTIANSEN.

PER CURIAM:

¶1      C.H. (Father) appeals the termination of his parental rights. We affirm.

¶2      "[I]n order to overturn the juvenile court's decision, the result must be against the clear weight of the evidence or leave the appellate court with a firm and definite conviction that a mistake has been made." *In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435 (citation and internal quotation marks omitted). We "review the juvenile court's factual findings based upon the clearly erroneous

standard." *In re E.R.*, 2001 UT App 66, ¶ 11, 21 P.3d 680. A finding of fact is clearly erroneous when, in light of the evidence supporting the finding, it is against the clear weight of the evidence. *See id.* Therefore, "[w]hen a foundation for the court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *In re B.R.*, 2007 UT 82, ¶ 12.

¶3 Pursuant to Utah Code section 78A-6-507, the finding of a single enumerated ground will support the termination of parental rights. *See* Utah Code Ann. § 78A-6-507 (LexisNexis 2012). Therefore, it is sufficient if the evidence supports any of the grounds for termination found by the juvenile court. The juvenile court found that Father neglected O.T. *See id.* § 78A-6-507(1)(b). The court also found that Father was an unfit or incompetent parent. *See id.* § 78A-6-507(1)(c). The court further found that O.T. was being cared for in an out-of-home placement; that Father had substantially neglected, willfully refused, or had been unable or unwilling to remedy the circumstances that caused the child to be in an out-of-home placement; and there was is a substantial likelihood that Father would not be capable of exercising proper and effective parental care in the near future. *See id.* § 78A-6-507(1)(d). The court found, as an additional ground for termination, that Father had experienced a failure of parental adjustment. *See id.* § 78A-6-507(1)(e). Finally, the court found that it was in the best interest of O.T. to terminate Father's parental rights, *see id.* § 78A-6-506(3), and that the Division of Child and Family Services made reasonable and appropriate efforts to provide services to Father in an attempt at reunification, *see id.* § 78A-6-507(3)(a).

¶4 Father does not challenge the sufficiency of the evidence to support any of the findings made by the juvenile court. He concedes that he cannot "point to any fact to show the court engaged in any abuse of discretion." However, Father contends that the juvenile court "did not give[] sufficient weight to his early success in drug treatment, his ability to maintain employment, look for housing and test clean for drugs." Father contends that the juvenile court "put too much emphasis on negative aspects of the

case and not enough on the positive things that father had done to change his life." However, on appeal, we cannot engage in a reweighing of the evidence. *See In re B.R.,* 2007 UT 82, ¶ 12 ("When a foundation for the court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence."). Father did not start drug treatment until six months after removal of his child. He progressed to a point in residential treatment where a trial home placement was scheduled, but he engaged in activities that resulted in his discharge from treatment and the cancellation of the trial home placement. Furthermore, Father acknowledges that he remains incarcerated and cannot regain custody of his child. He instead seeks a continuation of services for an additional sixty days after he is released from incarceration. Father has not demonstrated that the findings of fact are clearly erroneous or that the juvenile court's decision does not have a foundation in the evidence.

¶5     Because "a foundation for the court's decision exists in the evidence," we affirm the juvenile court's order terminating Father's parental rights. *See id.*

————